PHILIP BACHRACH, Respondent, *v.* FISHER & GRASSGREEN, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 13, 1930.

*Louis Rosenberg* [*Joseph Feldman* of counsel], for the appellant.

*Cohen & Roeder*, for the respondent.

PER CURIAM. Action to recover on defendant's check.

When the case was called for trial the clerk of defendant's attorney requested an adjournment for the reason that Grassgreen, an officer of the defendant corporation, was out of the city; but the application was denied and an inquest taken.

The mere absence of defendant's officer from the city was no ground for an adjournment, and the inquest was properly directed.

It is further stated in the moving affidavit that although the answer was not filed until November fourth, a notice of trial was served November sixth, on which day the case appeared on the calendar for trial and the inquest was taken. It seems the answer was served on plaintiff's attorney October thirty-first.

Appellant contends that issue was not joined until November fourth, the date of the filing of the answer, and the service of a notice of trial before issue joined was ineffective.

Section 19 of the Municipal Court Code requires the summons to be addressed to the defendant by name, and it "must summon him to appear before the clerk of the court within five days from the date of service, * * * and make answer to the complaint."

Subdivision 2 of section 78 provides that "issue must be joined within the time limited by the summons," provided, however, that when the last day falls on Saturday the defendant may answer on the next business day.

And so far as pertinent these are the provisions of section 95: "Upon the joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date. Unless otherwise provided by the rules, where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice, and shall file such notice, with proof of service thereof, with the clerk, who shall thereupon place the case on the calendar for trial."

A striking difference is thus apparent between the form of summons in the Supreme Court and the City Court and that prescribed for the Municipal Court.

In the higher courts the defendant is required to serve his answer on the plaintiff's attorney. In those courts, therefore, issue is joined by the service of the pleading. But the Municipal Court

summons requires the defendant " to appear before the clerk of the court within five days from the date of service, * * * and make answer to the complaint." (Mun. Ct. Code, § 19.)

There is no provision in the Municipal Court Code requiring a defendant to serve a copy of his answer upon the plaintiff's attorney. Such service is provided for by rule 33 of the Municipal Court Rules as follows: " Where both parties appear by attorney, copies of all pleadings, notices, demands and other papers in an action which are required to be filed with the clerk, shall be served by the attorney filing the same upon the attorney for the adverse party, with notice of the date of filing within one day of the date of such filing."

It would seem, therefore, that issue was not joined in this action until November fourth, when the answer was filed with the clerk, several days after the answer was served on the plaintiff's attorney, and that the notice of trial for November sixth was insufficient.

However, although the case was improperly on the calendar when called for trial November sixth, it does not appear that the attention of the court was called to that fact, and as defendant was at liberty to waive compliance with the act, defendant must be deemed to have waived such compliance in the absence of any objection to the insufficiency of the notice of trial.

Order affirmed.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.