DOROTHY COHEN, Plaintiff, *v.* HYMAN SMITH, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, February 19, 1937.

*Kommel & Zucker*, for the plaintiff.

*Silverstein & Levitt*, for the defendant.

LEWIS (DAVID C.), J.   The Appellate Term has held: " The procedure for obtaining a bill of particulars in an action in the Municipal Court of the City of New York is provided for in subdivision 7 of section 78 of the Municipal Court Code.   The board of justices of the Municipal Court was, therefore, without authority to adopt rule 17 of the Central Motion Part Rules, because such rule contravenes subdivision 7 of section 78 of the Municipal Court Code and *attempts to regulate a matter of procedure specifically provided for by law.*" (Italics mine.)   (*Cohen* v. *Paprocki*, 158 Misc. 465 [App. Term, First Dept.]; *Teitelbaum* v. *Empire Bottling Works*, 100 id. 103; *Duncan Realty Co.* v. *Independent Trouser Co., Inc.*, 150 id. 902.)

This court is now asked to pass upon the validity of that part of rule 27 of the Municipal Court Rules which provides that where a party fails to comply with a demand for a bill of particulars, " the adverse party may make a motion to strike the cause from the trial calendar, and such motion shall be granted with $10 costs."

Since *Cohen* v. *Paprocki* (*supra*) certain changes have been written into the Civil Practice Act and the Municipal Court Code.

In the hope of effecting uniformity and simplicity in the matter of bills of particulars, section 247 of the Civil Practice Act was enacted and rules 115, 116 and 117 of the Rules of Civil Practice were promulgated.

Likewise the Municipal Court Code was amended to specifically provide that in the matter of bills of particulars, the procedure in the Municipal Court Code *shall be that prescribed in the Civil Practice Act and the Rules adopted.* (Mun. Ct. Code, § 78, subd. 7.)

One also finds that the power of the Municipal Court to adopt or establish rules has not been enlarged. That power still remains expressly subordinated to the superior statutory or judicial authority. (Mun. Ct. Code, § 8, subd. 1.) If anything, the last amendment to the Municipal Court Code (*supra*) has restricted the power with reference to bills of particulars.

Notwithstanding the drive for fewer rules and the mandate for uniformity in procedure, we seek to enforce triplicate remedies covering the simple subject of a bill of particulars.

One part of rule 27 provides that upon a default in the service of a bill after a demand, a stay will be imposed.

The succeeding sentence of rule 27 is the provision now before this court striking the cause from the trial calendar with costs.

And in rule 32 we reinstate the default provision of an *ex parte* order of preclusion. (Note: Rule 115 requires notice.)

Of course, it is observed that the said amendments to the Civil Practice Act and the Municipal Court Code, and the adoption of the Rules of Civil Practice by the Appellate Division pursuant to the amendments, are *ex post facto* events as far as the original adoption of rule 27 of the Municipal Court, for this rule was created long before these amendments were conceived. This may explain though it may not exonerate, inconsistency and conflict.

A further question arises with reference to the provision for striking a case from the trial calendar.

Section 95 of the Municipal Court Code explicitly provides that upon the joinder of issue, attorneys may serve a notice of trial, and that upon filing the same with proof of service, the clerk shall thereupon place the cause upon the calendar for trial. In no instance is the service of a bill of particulars made a condition precedent to the service of a notice of trial; and after a case appears on the trial calendar, except in instances of preferences, it is disposed of according to the date of issue.

It seems evident, therefore, that these provisions of rule 27 otherwise offend in that they cover a matter specifically provided for by the Municipal Court Code. (*Bachrach* v. *Fisher & Grasgreen, Inc.*, 137 Misc. 382.)

Nor can our rules be considered on a par with rules 115, 116 and 117 of the Rules of Civil Practice. Our rules can be enacted with the approval of the president-justice.

Common sense frowns upon roundabout procedure. It is a foregone conclusion that a bill will be demanded in every case. The demand is tantamount to an order. The courts have attempted to standardize the form. Why then wait for a default and invite unnecessary motions? Does not uniformity and simplicity suggest that the statute require an indorsement, corresponding with a bill, to accompany a summons or an answer? If the litigant appears in person, the clerk's office can supervise it; if by attorney, the duty is counsel's. There may remain exceptional cases; but they should not make the rule. If this would not nip the difficulty in the bud, it would at least be the stitch in time.

It seems to me that these particular provisions of rule 27 seek to regulate matters specifically covered by rule 115 of the Rules of Civil Practice and contravene subdivisions 7 and 8 of section 78 and section 95 of the Municipal Court Code, and are beyond the authority of the court. To sustain these provisions would be to disregard and defeat the obvious purpose of the recent amendments.

Motion to strike from the calendar or to preclude is denied. Bill of particulars directed, to be served within five days after copy of this order, as indicated upon the original motion papers.

Settle order on two days' notice.